PAYNE & HARRISON v.—THOMAS BENTLEY'S ADMINISTRATOR.

A husband, after separation by divorce, is liable for supplies and necessaries furnished the family, the family consisting of himself, his wife, her children and her negroes, residing on and cultivating her farm, purchased by him during the marriage, though the articles were alleged to have been furnished on the faith and credit of her said property, and that the husband was not the owner of any property in his own right.

There may be circumstances under which equity would decree, that the wife's estate would be liable for debts contracted by a husband for its benefit, but it does not follow from this that he is not liable.

In such case, although the wife might be jointly liable with the husband, yet he being severally liable, suit might be discontinued as to her, without affecting it as against him.

Appeal from Harrison. Tried below before Hon. John Gregg.

Suit upon an account against Thomas C. Bentley and Mil-

Payne v. Bentley.

dred Bentley, his wife. Petition, after setting out the indebtedness alleged, " that at the time of the accrual of the indebtedness shown in the account, the defendants were husband and wife ; that the said Mildred, the wife of the said Thomas C., then and now owns all the property in their joint possession ; that the said Thomas C. was not the owner of any property, real or personal, in his own right, but during all that time managed and controlled the property of the said Mildred, sold and disposed of the crops of cotton and other produce raised on the land, and by the negroes of the said Mildred, and contracted debts and purchased supplies and necessaries for the use and benefit of the said Mildred, her children, and her separate property ; that the said account was made, and the indebtedness therein shown was created, upon the faith and credit of the separate estate of the said Mildred, and for the use and benefit of the said Mildred and her children and separate property, and with her knowledge and consent. Your petitioners further allege, that since the accrual of said indebtedness, to-wit : since the first day of June, 1855, the said defendants have ceased to be husband and wife, by decree of divorce from the bonds of matrimony, rendered in the District Court of the said county, at June Term, 1855, and that all of the property which was in the joint possession of the defendants, during coverture, remains and now is in the possession of the defendant Mildred." The defendants answered severally. Thomas C. pleaded the general denial, and that all the articles in plaintiff's account were at the special instance and request of the other defendant, Mildred Bentley, purchased by this defendant as the agent of the said Mildred, for her children and her separate property ; that at the time said articles were purchased, and ever since, the said Mildred owned and continues to own, in her individual right, all the property that required the purchase of said articles, and prayed to be released from liability. The defendant Mildred pleaded a general denial. The plaintiffs afterwards dismissed as to the de-

fendant Mildred, and Thomas C. having died suit was revived against his administrator. Upon motion of the defendant to that effect, the suit was dismissed by the Court, and the plain tiffs appealed.

*Wm. H. Kelsey*, for appellant.

ROBERTS, J. The question in this case is, whether or not the husband, after separation by divorce, is liable for supplies and necessaries furnished the family—the family consisting of himself, his wife, her children and her negroes, residing on and cultivating her farm,—which debt was contracted by him during the marriage, and the articles were alleged to be furnished on the faith and credit of her said property, and that the husband was not the owner of any property in his own right?

We think he is liable. By the law he is given the sole management of the wife's separate property. (Hart. Dig., Art. 2421.) He is entitled to an interest in all the profits of her property, except the "increase of her lands and slaves," as community property. (Art. 2421.) Of this community property he has the entire control in payment of community debts. (Art. 2422.) Hence he should be liable for them, notwithstanding they may have been contracted mainly for the benefit of the wife's estate, and that of herself and children. It is true that there may be circumstances under which equity would decree that the wife's estate would be liable for debts contracted by him for its benefit ; but it does not follow from this that he is not liable.

It is unnecessary to examine minutely into the sufficiency of the amended petition, setting up a breach of trust in the husband in not paying over money entrusted to him by the wife for the payment of this debt, as the original petition contains sufficient to render him liable to the action. The amendment, it is presumed, is intended as a replication to the husband's

special plea, stating facts tending to show that the wife's estate was equitably liable for the debt. In that point of view, both plea and replication are immaterial and *useless*.

It was not error to discontinue the suit as to the wife. It may be that it could not have been maintained against her. But even if they were jointly liable, he was also severally liable, and therefore under the decisions of this Court the suit might be discontinued against her without affecting it as against him. (Austin & Clapp v. Jordan, 5 Tex. R. 180; Horton *et al.* v. Wheeler, 17 Tex. R. 52.)

We think that the petition contains a good cause of action against the defendant below as administrator.

Judgment reversed and cause remanded.

Reversed and remanded.